*594 MORRIS SHEPPARD ARNOLD, Circuit Judge,
with whom BOWMAN and BYE, Circuit Judges, join, dissenting.
I respectfully suggest that the court has incorrectly described Mr. Rozman’s substantive due process claim. Mr. Rozman claimed that his substantive due process rights were violated when the City revoked his license for refusing to allow the City to enter his tenants’ units to inspect them. On summary judgment, the district court found that the City revoked Mr. Rozman’s license because he failed to notify his tenants of an upcoming inspection, and a panel of our court approved that holding. See Rozman v. City of Columbia Heights, 220 F.3d 864 (8th Cir.2000).
In the first place, the City directs our attention to no provision of the housing code that requires landlords to notify tenants of inspections. But the main difficulty that I see here is that the City itself stated that it revoked Mr. Rozman’s license for a “failure to allow annual inspection,” which clearly implies that the City believed that Mr. Rozman had some affirmative duty to give inspectors access to his tenants’ apartments. As Mr. Rozman correctly points out, this requires him to do something that he cannot legally do because he has no right to possession of the relevant units. That right belongs to the tenants because they own a leasehold in those premises. In my opinion, therefore, Mr. Rozman has at the very least produced enough evidence to survive summary judgment on the question of what the City’s motive was for revoking his license. Furthermore, if the City’s motive for revoking the license was what Mr. Rozman says it was, I think that his substantive due process rights were violated because the City has conditioned a license on a landlord’s commission of a tort or a crime (trespassing on a tenant’s property) or on the commission of an impossible act (giving a permission that the landlord has no power to give). It would be difficult to think of something more arbitrary than requiring a person to do the impossible; such a requirement is a quintessential example of the use of governmental power “as an instrument of oppression.” Davidson v. Cannon, 474 U.S. 344, 348, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).
I therefore respectfully dissent.